22-126-cv
George & Co., LLC v. Spin Master Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of September, two thousand twenty-three.

PRESENT:   REENA RAGGI,
                     RAYMOND J. LOHIER, JR.,
                     SUSAN L. CARNEY,
                            *Circuit Judges.*
------------------------------------------------------------------

GEORGE & COMPANY, LLC,

        *Plaintiff-Appellant,*

                    v.                                    No. 22-126-cv

SPIN MASTER CORP., SPIN MASTER LTD.,

        *Defendants-Appellees.*
------------------------------------------------------------------


FOR APPELLANT:                    CHRISTOPHER ZAMPOGNA,
                                             Zampogna, P.C., Washington, DC

FOR APPELLEES: JUSTIN L. BERNSTEIN (Justin A. MacLean, *on the brief*), Greenberg Traurig, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*; Sanket J. Bulsara, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant George & Company, LLC ("Plaintiff") appeals from a December 22, 2021 judgment of the District Court granting the motion of Defendants-Appellees Spin Master Corp. and Spin Master Ltd. (together, "Defendants") to dismiss the case for want of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Plaintiff filed the instant action in September 2020, seeking cancellation of the Defendants' trademark under 15 U.S.C. § 1119. App'x 15–21. The complaint did not allege that the Defendants had infringed the mark or present any claim or defense related to registration of the trademark. In August 2021 the Magistrate Judge issued a report recommending that the case be

1

dismissed for lack of subject matter jurisdiction. The Magistrate Judge reasoned that under *Nike, Inc. v. Already, LLC*, 663 F.3d 89 (2d Cir. 2011), *aff'd sub nom.* *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013), a request for trademark cancellation under § 1119 requires a controversy—absent here—as to the validity of or interference with a registered mark. The District Court adopted the recommendation and dismissed the case in December 2021.

"Because the District Court dismissed the suit for lack of subject-matter jurisdiction, we review its factual findings for clear error and its legal conclusions *de novo*." *Retina Grp. of New Eng., P.C. v. Dynasty Healthcare, LLC*, 72 F.4th 488, 495 (2d Cir. 2023).

We affirm the District Court's judgment dismissing the case. Section 1119 provides, in relevant part, that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. We have held that "[t]he limiting phrase '[i]n any action involving a registered mark' plainly narrows the circumstances in which cancellation may be sought—namely, in connection with a properly instituted

2

and otherwise jurisdictionally supportable action involving a registered mark."

*Nike*, 663 F.3d at 98 (quotation marks omitted).[1]   Section 1119 "therefore creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction."   *Id.*   A request for trademark cancellation under § 1119 does not provide an independent basis for jurisdiction, and the case must be dismissed unless there is a separate claim that provides a basis for federal jurisdiction.   *See id.* at 99.

Here, as in *Nike*, there is no "otherwise jurisdictionally supportable action involving a registered mark."   *Id.* at 98.   Although the Plaintiff now invokes the Declaratory Judgment Act, the Act itself "does not expand the subject matter jurisdiction of the federal courts," and the Plaintiff in any event did not seek declaratory relief in the proceedings before the District Court.   *Id.* at 95.   Even if it had sought such relief, we would conclude that the Plaintiff has not demonstrated that there exists a "real and substantial" "adversity of legal

---

[1]  In *Nike*, we explained that a covenant not to sue deprived the court of jurisdiction to entertain a declaratory judgment action to invalidate certain marks.   *Id.* at 95–98.   With no justiciable claim for declaratory relief as to the marks, we concluded that there was no justiciable "controversy as to the validity of or interference with a registered mark" to support federal jurisdiction to grant trademark cancellation under § 1119.   *See id.* at 98–99 (quotation marks omitted).

interests . . . between the parties" that "'admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 95–96 (quotation marks omitted) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

We recognize that "the threat of future litigation [is] relevant in determining whether an actual controversy exists." *Id.* at 96. But nothing in this record suggests that the Defendants have initiated or threatened litigation related to the relevant mark. To the contrary, the Plaintiff's allegations are that the Defendants' mark is "registered only on the supplemental register," leaving the Defendants without "any prima facie evidence of the validity of the mark, of the registration of the mark, of the ownership of the mark, or of any priority [in] the mark." App'x 17. Similarly, the Plaintiff also alleges that the Defendants "abandoned an application to register [the mark] on the principal register" and received a preclusive judgment from the Trademark Trial and Appeal Board barring the Defendants "from claiming any distinctiveness to its . . . mark and from claiming that the mark has any priority over the marks of Plaintiff." App'x 18.

As in *Nike*, therefore, the threat of litigation in this case is "remote or nonexistent" such that there is no genuine adversity of legal interests as to the validity of or interference with a registered mark. *Nike*, 663 F.3d at 97. Because § 1119 does not provide an independent basis for federal jurisdiction, straightforward application of *Nike* requires dismissal for lack of subject matter jurisdiction.

The Plaintiff also points to alleged infringement in other litigation between the parties to claim that jurisdiction is necessarily also established in this case. But without some additional showing, the Plaintiff may not avail itself of allegations in a separate case involving separate facts and context to establish jurisdiction in the instant case. And the Plaintiff did not attempt to make any such showing below. We thus find no error in the District Court's dismissal for want of subject matter jurisdiction.

We have considered all of the Plaintiff's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5